**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ERIC CARTER                                              PETITIONER
ADC #129514

v.                                No. 4:20-cv-1023-DPM

DEXTER PAYNE, Director,
Arkansas Department of Correction            RESPONDENT

### ORDER

1. On *de novo* review, the Court adopts Magistrate Judge Ray's thorough recommendation, *Doc. 29*, and overrules Carter's objections, *Doc. 32*. Fed R. Civ. P. 72(b)(3).

2. Carter argues hard that there was insufficient evidence to support his conviction because T.S.'s testimony was uncorroborated, plus she lacked credibility because of her learning disability. The Arkansas Court of Appeals rejected his argument that corroboration was required. *Carter v. State*, 2019 Ark. App. 57, at 13, 568 S.W.3d 788, 796. That conclusion is not contrary to clearly established federal law. *United States v. Aungie*, 4 F.4th 638, 643 (8th Cir. 2021). T.S.'s testimony was enough for the jury to find Carter guilty.

3. The Arkansas Court of Appeals rejected his ineffective assistance claims. *Carter v. State*, 2020 Ark. App. 290, at 14-20, 598 S.W.3d 875, 884-87. Carter hasn't demonstrated that the Court's conclusion on this issues was objectively unreasonable. *Penry v.*

*Johnson*, 532 U.S. 782, 792-93 (2001).   One point about counsel's decision not to call Dr. Parsons bears mention.   Carter says that Dr. Parsons's progress notes indicate that T.S. could not distinguish fact from fiction and made an "identical accusation" against her neighbor. *Doc. 32 at 31-32*.   Some progress notes are attached to the petition. They do not support these assertions.   *Doc. 2-1 at 66-77*.   While those notes indicate that T.S. reported inappropriate behavior by her neighbor, she never reported that he forcibly raped her.   That was her accusation and testimony about what Carter did.

**4.** Last, no structural error occurred.   The applicable precedent is *McCoy v. Louisiana*.   There the state trial court committed structural error by allowing defense counsel to concede his client's guilt, over his client's objection.   138 S. Ct. 1500, 1512 (2018).   *McCoy's* principle is not limited to a defendant's decision about whether to admit guilt. 138 S. Ct. at 1508.   But Carter's lawyer did not make one of the fundamental decisions that was Carter's to make.   *Ibid.*   Carter's criticisms are mainly about trial management.   And for the reasons well explained by Judge Ray, Carter has not shown that counsel's choices amounted to ineffective assistance.

\*     \*     \*

Carter's petition, *Doc. 2*, fails.   It will be dismissed with prejudice. All pending motions are denied as moot.   No certificate of appealability will issue.   28 U.S.C. § 2253(c)(1)-(2).

- 2 -

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

27 October 2022